**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paxton Troy DAVIS, Defendant–**
**Appellant.**

No. 04–20163.
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 21, 2004.

James Lee Turner, Assistant U.S. Attorney, Katherine L. Haden, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Assistant Federal Public Defender, Michael H. Sokolow, Brent Evan Newton, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

---

PER CURIAM: *

Paxton Troy Davis appeals from his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Davis argues that 18 U.S.C. § 922(g)(1) is not narrowly tailored in light of the interplay of the Second Amendment and the regulation of interstate commerce under the Commerce Clause, is overly broad in its reach given the legislative history of its intent, and unevenly burdens a fundamental right in violation of equal protection by relying on inconsistent state law definitions. He acknowledges that the foregoing arguments are foreclosed by this court's decision in *United States v. Darrington,* 351 F.3d 632 (5th Cir.2003), *cert. denied,* — U.S. —, 124 S.Ct. 2429, 158 L.Ed.2d 994 (2004), but has raised the issue to preserve it for possible review by the Supreme Court.

Davis also argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power because the regulated activity does not substantially affect interstate commerce. Alternatively, he argues that the factual basis for his plea was insufficient because the evidence established only that the firearm had traveled across state lines at some unspecified point in the past. Davis raises these arguments solely to preserve them for possible Supreme Court review. As he acknowledges, they are foreclosed by existing Fifth Circuit precedent. *See United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under